# Court of Appeals
## Tenth Appellate District of Texas

10-24-00388-CR
10-24-00389-CR

Earnest Johnson,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
272nd District Court of Brazos County, Texas
Judge John L. Brick, presiding
Trial Court Cause Nos. 18-05306-CRF-272; 18-04253-CRM-272

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

Following a bench trial, the trial court found Earnest Johnson guilty of the felony offenses of aggravated assault of a public servant, possession of a controlled substance, and evading arrest causing serious bodily injury and the misdemeanor offense of resisting arrest. TEX. PENAL CODE ANN. §§ 22.02, 38.03, 38.04; TEX. HEALTH & SAFETY CODE ANN. § 481.115. The trial court assessed his punishment at forty years' confinement for aggravated assault of

a public servant and evading arrest causing serious bodily injury, twenty years' confinement for possession of a controlled substance, and 365 days confinement for resisting arrest. TEX. PENAL CODE ANN. §§ 12.33, 12.34, 12.35. This appeal ensued. We affirm.

## A. Background

On September 21, 2018, Johnson was charged by information for the misdemeanor offense. On December 6, 2018, he was indicted for the three felony offenses.

On February 12, 2019, Johnson's first attorney filed a motion for competency evaluation. The trial court granted the motion and appointed Dr. Mary Alice Conroy to evaluate Johnson. On March 27, 2019, Dr. Conroy issued her report stating that she was not able to provide a clear opinion on Johnson's competence because he had refused to cooperate with a formal evaluation. In April 2020, Johnson's first attorney withdrew from his representation and a new attorney was appointed to Johnson.

In June 2021, Johnson's second attorney filed a motion for competency evaluation and a motion to withdraw as Johnson's counsel due to his inability to communicate with Johnson. The trial court denied the motion to withdraw and granted the motion for competency evaluation. The trial court appointed Dr. Jennifer Rockett to evaluate Johnson. On June 16, 2021, Dr. Rockett

issued a report stating that Johnson was not presently competent. On July 21, 2021, the trial court signed an order finding Johnson incompetent and ordering him to be transferred to a facility for competency restoration.

During the lengthy wait for Johnson's transfer, MHMR of Brazos County worked with him in an attempt to stabilize him and restore him to competency. Before Johnson was transferred, the trial court appointed Dr. Conroy to reevaluate Johnson. On January 12, 2023, Dr. Conroy issued a report stating that she was unable to provide a clear opinion on Johnson's competency because he refused to cooperate with the evaluation. On June 28, 2023, Dr. Jennifer Harmon evaluated Johnson and issued a report stating that he was not presently competent.

On July 27, 2023, Johnson was admitted to the North Texas State Hospital for competency restoration. Dr. Brown, a psychiatrist at the facility, evaluated Johnson when he was admitted. On October 28, 2023, Dr. Alice Castleberry evaluated Johnson and concluded that he was competent, so Johnson was returned to Brazos County.

On December 6, 2023, Johnson's attorney filed a motion for competency reevaluation due to communication issues with Johnson. The trial court granted the motion, and Dr. Rockett reevaluated Johnson. On March 15, 2024, Dr. Rockett issued her report stating that Johnson was not presently

competent. On July 15, 2024, the trial court appointed Dr. Conroy to evaluate Johnson's competency. On July 27, 2024, Dr. Conroy issued her report with the conclusion that Johnson had the "capacity to be competent."

On July 29, 2024, a jury was selected for the competency hearing. On August 2, 2024, the jury found Johnson competent to stand trial. Johnson waived his right to a jury trial and a bench trial commenced on August 26, 2024. The trial court found Johnson guilty and assessed his punishment.

## B. Issue One

In his first issue, Johnson argues that the trial court erred in refusing to admit Johnson's *pro se* filings into evidence during the competency jury trial. Specifically, he argues that the filings were relevant as to the issue of his competence and their exclusion was harmful.

As a threshold issue, the State argues that Johnson failed to preserve this issue because he did not offer the filings as evidence for the jury's consideration or did not introduce them timely. To preserve error, a party must make a timely request, objection, or motion with sufficient specificity to make the trial court aware of the grounds for the complaint, and the issue on appeal must comport with the complaint made at trial. TEX. R. APP. P. 33.1(a). The record supports the State's argument that Johnson did not offer the filings into evidence during either side's case in chief. During a discussion outside the

presence of the jury, Johnson specifically stated that he did not plan to offer the filings into evidence and sought only to ask his witnesses about the contents of the filings. The filings were not offered until both sides had rested and closed their cases-in-chief. The jury was about to reenter the courtroom for closing arguments when Johnson provided the documents to the trial court. The trial court assumed that the documents were part of the proffer and bill of exception relating to one of Johnson's expert witnesses whose testimony was excluded, so the trial court admitted the filings for record purposes. Johnson then responded that he wanted to offer them into evidence before the jury, which the judge denied. Johnson did not request to reopen the evidence or make any additional argument. Because Johnson did not offer the filings for all purposes until after both sides had rested and closed, we conclude that Johnson did not properly preserve his first issue for our review.

Therefore, we overrule Johnson's first issue.

## C. Issue Two

In his second issue, Johnson argues that the trial court erred in refusing to allow Johnson's expert witness to testify during the competency jury trial.

### 1. Standard of Review

A trial court's admission of evidence is reviewed under an abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App.

2009).  An appellate court will not disturb a trial court's ruling if it was within the zone of reasonable disagreement.  *Id.*

2. Authority

The Texas Rules of Evidence apply to a competency trial or hearing before a jury or the trial court.  *See* TEX. CODE CRIM. PROC. ANN. art. 46B.008. Evidence is relevant if it has any tendency to make a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.  TEX. R. EVID. 401.  Relevant evidence may nevertheless be excluded by the trial court if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence.  TEX. R. EVID. 403.  Expert testimony is admissible if it assists "the trier of fact to understand the evidence or to determine a fact in issue."  TEX. R. EVID. 702.  The proponent of the evidence ordinarily has the burden of establishing the admissibility of the proffered evidence.  *White v. State*, 549 S.W.3d 146, 152 (Tex. Crim. App. 2018).

3. Analysis

During trial, Johnson called attorney Brian Gutierrez as an expert witness to discuss the contents of Johnson's *pro se* filings.  Johnson offered Gutierrez's testimony as evidence that Johnson had a misunderstanding of legal concepts relating to his case and the charges against him.

In order for Gutierrez's testimony to be admissible, Johnson would have had to show that the testimony was relevant and that it would assist the trier of fact to understand the evidence or to determine a fact in issue. The question before the jury was whether Johnson was competent to stand trial. A defendant is incompetent to stand trial if he does not have: (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and (2) a rational and factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a). "The focus of a competency inquiry is the defendant's mental capacity; the question is whether he has the ability to understand the proceedings." *Godinez v. Moran*, 509 U.S. 389, 401 n.12 (1993). Johnson argues that the testimony about his confusion and misunderstanding of legal concepts was relevant to the ultimate issues of the case. However, the proffered testimony from Gutierrez focused entirely on Johnson's use of civil-law concepts that are unrelated to criminal law. Lack of legal skill or mediocre legal strategy does not show a defendant is incompetent to stand trial. *Lindsey v. State*, 544 S.W.3d 14, 24 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). Likewise, a defendant's "technical legal knowledge" is irrelevant to the determination of competency. *See Godinez*, 509 U.S. at 397–400 (comparing the competency required to stand trial with the competency required for self-representation and stating that the defendant's technical

legal knowledge is irrelevant to the determination of competence for self-representation).  Since Johnson's legal knowledge was not relevant to the jury's determination of competency, we cannot say that the trial court abused its discretion by ruling Gutierrez's testimony inadmissible.

Therefore, we overrule Johnson's second issue.

## D. Issue Three

In his third issue, Johnson argues that the trial court erred in denying Johnson's motion for directed verdict in the competency jury trial.

### 1. Standard of Review

"A motion for instructed verdict is essentially a trial level challenge to the sufficiency of the evidence."  *Smith v. State*, 499 S.W.3d 1, 6 (Tex. Crim. App. 2016).  Denial of a motion for directed verdict is treated as a challenge to the legal sufficiency of the evidence.  *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).  In reviewing the legal sufficiency of the evidence, we must examine the evidence in the light most favorable to the verdict to determine if any rational juror could have found the appellant competent to stand trial.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).  We must defer to the jury's credibility and weight determinations, and we may not substitute our own judgment for that of the jury.  *Brooks*, 323 S.W.3d at 894, 899.

2. Authority

A defendant is incompetent to stand trial if he does not have: (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and (2) a rational and factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a). In this case, incompetency was presumed, and Johnson's competency had to be proven by a preponderance of the evidence. TEX. CODE CRIM. PRO. ANN. art. 46B.0755.

3. Analysis

Johnson argues that he did not have the ability to consult with his lawyer with a reasonable degree of understanding by repeatedly highlighting his misunderstanding or misapplication of legal theories. The statutory criteria for competency contemplate a defendant who is at least minimally able to interact with his trial counsel in a reasonable and rational way, even if they do not agree, in formulating decisions on how most effectively to pursue his defense. *Turner v. State*, 422 S.W.3d 676, 689–90 (Tex. Crim. App. 2013). The fact that a defendant obstinately refuses to cooperate with his trial counsel does not by itself mean he is incompetent. *Id.* at 691.

Dr. Conroy testified that she had formally evaluated Johnson on three occasions, including his most recent evaluation the week before the competency

trial. She testified that in the first two interviews, she was unable to reach a conclusion on competency because Johnson was not cooperative due to his belief that there was no reason he needed an evaluation. Dr. Conroy then testified about her most recent evaluation of Johnson. Prior to the evaluation, she reviewed his records, including criminal history, records from Brazos County Jail, and records from the Vernon State Hospital. She then met with Johnson and explained the purpose of the interview. She stated he seemed to understand the purpose and did not have any questions or concerns. Dr. Conroy's initial observations were that Johnson was well-groomed, calm in demeanor, and his speech was within normal limits in rate, tone and volume. She stated he denied any hallucinations. His speech was logical and goal directed. Dr. Conroy described Johnson as "tangential" and explained that he tended to tell stories, but he did not say anything that was "bizarre or divorced from reality" in his story telling. Based on Johnson's history and her own observations, Dr. Conroy saw no evidence of any "thought disorder." As part of the evaluation, Dr. Conroy also assessed whether Johnson had an understanding of the court process. She testified that Johnson knew who court personnel were, what a plea bargain was, and how court proceedings worked. He also understood the charges against him and the potential jail time associated with the charges, and he was able to give rational reasons for

declining a hypothetical favorable plea bargain. Dr. Conroy acknowledged that Johnson may have difficulty communicating with an attorney because he has certain firmly held beliefs about legal theories that are applicable to his case, but she also described an instance of Johnson telling his attorney about certain caselaw he thought was applicable, being told the case did not apply because it was not a Texas case, and that he understood that the case would not apply here.

Dr. Castleberry also testified about her evaluation with Johnson at the end of his time at the North Texas State Hospital. She testified that while he had strong opinions about his case, he was redirectable if given the opportunity to explain. She stated that he seemed to understand the charges against him, the punishment ranges associated with the offenses, and pertinent facts relevant to the case. She noted that Johnson did not exhibit any behaviors of psychosis and his communication was organized, logical, and devoid of delusional content. Based on Dr. Castleberry's observations, she believed Johnson had the capacity to exhibit appropriate courtroom behavior and understood the consequences if he did not. She expressed that Johnson appeared to demonstrate the required capacity "to engage in a reasoned choice of legal strategies and options." At the time of her evaluation, Dr. Castleberry believed that Johnson was competent to stand trial.

Dr. Rockett testified that she concluded that Johnson was incompetent to stand trial after various evaluations, both before and after his time in the North Texas State Hospital. These findings were primarily based on Johnson's misunderstanding and obstinate misapplication of legal theories. However, Dr. Rockett also conceded that Johnson understood the crimes he was charged with, understood the role of court personnel, was able to articulate the facts of his case and evidence that would help in his defense, and understood the ramifications of a plea bargain. She also stated that he was only stubborn or difficult to redirect when discussing his case. Dr. Rockett acknowledged that she could not be sure if Johnson's thoughts were delusional or just disorganized.

Ultimately, we defer to the jury's credibility and weight determinations. *See Brooks*, 323 S.W.3d at 894, 899. We presume that the jury resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). Based on the evidence, the jury could have reasonably concluded that the appellant possessed the required factual and rational understanding of the proceedings and the ability to consult with his lawyer with a reasonable degree of rational understanding to be competent.

Therefore, we overrule Johnson's third issue.

## E. Conclusion

Having overruled Johnson's three issues, we affirm the trial court's judgment.

_____

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  August 13, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do Not Publish
CRPM

